## ANTONIO DIAZ MARTINEZ and CAROLINE DIAZ MARTINEZ *v.* LOUIS T. PLANEL and SOPHIE H. PLANEL.

EVIDENCE IN CHIEF MUST BE CONFINED TO MATTERS PUT IN ISSUE.—In an action for damages the plaintiff should be restricted in his examination of his witnesses in chief to the principal matter in dispute, and it is error to extend it to *res inter alios acta*.

IDEM.—The plaintiff sued for damages for personal injuries received from falling in a passageway in a boarding and lodging house, charged to have resulted from the negligent failure of the defendant to have the same properly lighted, whereby the same was rendered dangerous—on which latter point issue was joined. *Held*, that it was error to permit the plaintiff to prove, in chief, that another person had fallen and sustained injuries in the same passageway when in the like darkened condition.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

This was an action to recover damages for personal injuries sustained by the female plaintiff, Caroline, wife of plaintiff,

Antonio Diaz Martinez, charged to have resulted from the negligent failure of the defendants, who kept the Bellevue Boarding and Lodging House, in San Francisco, in which the plaintiffs were boarders and lodgers, to have properly lighted a certain passage way leading from the rooms occupied by the plaintiffs to the dining room of said house, by reason of which said plaintiff Caroline, while necessarily traversing the same, which she did with due caution, fell down a short stairway therein and broke her leg. The defendants' answer, among other defenses, contained a traverse of so much of the complaint as alleged that said passage way was dangerous by reason of not being properly lighted at the time said injuries were sustained by the plaintiff, and that they were so sustained without fault or negligence on her part.

At the trial, which was by the Court without a jury, the plaintiffs introduced as witnesses two other boarders and lodgers at the defendants' house—Mr. and Mrs. Taylor—who testified that about six weeks prior to the injuries sustained by said plaintiff, Mr. Taylor had fallen in the same passageway, while it was in the like darkened condition, by which he had sustained injuries, of which the defendants were duly notified. To this testimony the defendants duly objected and excepted, on the grounds of irrelevancy and immateriality. The plaintiffs had judgment in the Court below, and the defendants appealed therefrom and from an order denying their motion for a new trial.

*Prindle & Prindle*, for Appellants.

*A. C. Searle* and *W. H. Patterson*, for Respondents.

By the Court, SANDERSON, J.:

The Court below erred in receiving the testimony of Mr. and Mrs. Taylor in relation to the fall of the former in the passageway, some six weeks before the injury sustained by the plaintiff, Caroline Diaz Martinez. That was *res inter alios acta*—a collateral issue, which the defendants could not be required to try in this case. If it was competent for the plaintiffs to prove that other persons had met with like accidents at the same place, it would be competent for the defendants to rebut it, and there would be no end, or might be no end, to the issues to be tried. This rule is too well established to need more than a citation of authorities. (1 Greenlf. on Ev., Sec. 448; *Collins* v. *Inhabitants of Dorchester*, 6 Cush. 396; *Aldrich* v. *Inhabitants of Pelham*, 1 Gray, 510; *Kidder* v. *Inhabitants of Dunstable*, 11 Gray, 342; *C. P. R. R. of C.* v. *Pearson*, 35 Cal. 247; *Clark* v. *Willet*, 35 Cal. 534; *People* v. *Taylor*, *ante* 36.)

The order of the Court below denying the defendants' motion for a new trial is reversed, and a new trial granted, and remittitur directed to issue forthwith.