[Civ. No. 5087.  First Appellate District, Division Two.—April 3, 1925.]

## JOHN CLYDE LARSON, etc., Respondent, v. P. A. LARSEN, Appellant.

[1] EVIDENCE—COMMISSION OF ACT—PROVING BY OTHER AND SIMILAR ACTS—RULE—EXCEPTION.—The commission of an act cannot be proved by showing the commission of similar acts by the same person at other times and under other circumstances; but where the doing of a wrongful act is conceded and the innocent intent is in issue, the doing of the same or a similar act upon other occasions is admissible to negative the innocent intent. The limitations of this use are (a) that the wrongful act itself is conceded or otherwise proved to be done and the evidence is used cnly to negative innocent intent; and (b) the other acts must be of the same or a closely similar sort and not widely separated in time, in order to exclude an innocent explanation.

[2] ID.—CRIMES—PROOF OF OTHER OFFENSES.—It is not competent to prove the commission of independent crimes by the defendant, the evidence of which has no tendency to prove some material fact in connection with the particular crime charged. Such evidence is inadmissible either to show a disposition on the part of the defendant to commit such offenses as he is charged with or as corroborative of the testimony directed to the proof of the specific offense for which he is on trial.

[3] TORTS—SHOOTING OF TRESPASSER—EVIDENCE OF PREVIOUS ACTS— PREJUDICIAL ERROR.—In an action for damages for personal injuries sustained by a minor by being shot while attempting to pick grapes in defendant's vineyard, where the defendant denied the shooting, and the evidence offered by plaintiff was largely circumstantial, it was prejudicial error to admit, over defendant's objection, testimony to the effect that, prior to the shooting in question, defendant had been seen in his vineyard with a shotgun in his hand, had used the gun to scare away boys, and had shot another boy.

(1) 22 C. J., p. 744, n. 43, p. 748, n. 60, 61 New.   (2) 16 C. J., p. 586, n. 98.   (3) 4 C. J., p. 973, n. 71.

1. Admissibility of general conduct under proven circumstances to show conduct of same kind under similar circumstances on particular occasion, note, Ann. Cas. 1913D, 1256.  See, also, 10 R. C. L. 938, 939; 10 Cal. Jur. 825–828.

3. Admissibility of evidence of other assault made at about the time of one for which action for damages is brought, note, 44 L. R. A. (N. S.) 1173.

APPEAL from a judgment of the Superior Court of Fresno County, J. E. Woolley, Judge. Reversed.

The facts are stated in the opinion of the court.

Lindsay & Conley and G. B. Hjelm for Appellant.

Everts, Ewing, Wild & Everts and Dan F. Conway for Respondent.

LANGDON, P. J.—This is an appeal from a judgment in favor of plaintiff for five thousand dollars in an action for damages for personal injuries.

Plaintiff is a boy thirteen years of age and sued by his guardian *ad litem*, charging that the defendant willfully, unlawfully, and wrongfully assaulted him on August 15, 1922, at defendant's ranch near the city of Fresno, by shooting plaintiff with a shotgun, causing the injuries enumerated in the complaint.

In view of the conclusion we have reached with reference to the action of the trial court in admitting certain testimony over objection, we shall not discuss the facts of the case more fully than is necessary to show the effect of such testimony.

The defendant denied the shooting. The evidence offered by plaintiff was largely circumstantial. Defendant owned a vineyard near Fresno. Plaintiff went upon this property and was attempting to pick some grapes when he received a charge of birdshot in his legs, the shot scattering from his knees down. He testified that after he was shot, he saw a man about fifty or sixty feet away from him with a gun in his hand. He said this man was tall, slim, and had dark clothes on. The deputy sheriff told of visiting the home of defendant after the shooting and that the defendant denied he had fired at the boy; that the deputy sheriff found apparently fresh tracks from approximately the spot where the plaintiff said he saw the man standing with the gun to the home of defendant. There were also other tracks all over the orchard where someone had been plowing. The case of plaintiff had to rest upon the inferences to be drawn from these and a few other circumstances such as the evasive and rather hostile attitude of the defendant when questioned

about the matter, except for the testimony which furnished the ground for the main attack upon appeal. That testimony was given under the following circumstances: The defendant was called as a witness for plaintiff under section 2055 of the Code of Civil Procedure. After he had denied knowledge of the shooting, he was asked: "Q. You had used your gun prior to the 15th of August of last year for the purpose of shooting at other boys who came in there, in your vineyard, had you not?" The question was objected to as incompetent, irrelevant, and immaterial and the objection was overruled. Defendant was then asked: "You shot at other parties before that time, didn't you? A. No, sir. . . . Q. Didn't you shoot at another boy there in your orchard with your shotgun? A. No, sir. Q. Prior to the 15th of August. A. No, sir. Q. You did not? A. No, sir, not that year. Q. How is that? A. Not that year. Q. Not that year? Did you do it the year before? A. Well, I have tried to scare boys a couple of times with it. Q. Answer the question, did you shoot toward boys with your shotgun the year before, out there at your orchard. A. I tried to scare them a couple of times. Q. What did you do in trying to scare them, did you discharge the shotgun toward them? A. I shot in the air. Q. Do you know whether or not you hit them? A. No, I didn't. Q. How many boys did you shoot at prior to the 15th of August, last year with the shotgun? A. I couldn't tell you. Q. How is that? A. I couldn't tell you. Q. Can you approximate and tell about how many you shot at? A. No."

A witness was then called who testified, over objection, that he had seen defendant on two occasions prior to the shooting of plaintiff, lying behind a fallen tree in his vineyard with a shotgun in his hand. The next witness was asked if he had ever seen Mr. Larson in his vineyard with a shotgun. Over objection, he answered that he had. He was asked if he had ever seen defendant shoot anyone and answered, yes. "Q. Who did he shoot?" Objected to as incompetent, irrelevant and immaterial. Objection overruled and examining counsel told to avoid leading questions. "Q. When was this? A. It was in the year 1921, along about either the first or the last of July. I don't remember which. Q. Who was the boy that you saw Mr. Larson shoot? A. An Armenian boy." This was objected to by

counsel as incompetent, irrelevant, and immaterial and the objection overruled. The questions and answers then continued, eliciting the details of the shooting of a boy a year prior to the injury to plaintiff.

[1]   It is a fundamental rule of evidence that you cannot prove the commission of an act by showing the commission of similar acts by the same person at other times and under other circumstances. Such evidence is simply not relevant; it does not tend to prove the issue. There is a change in the rule where the act is conceded and the state of mind is in issue. In such a case, the ordinary doctrine of chances is apt to assist materially in coming to a decision. (1 Greenleaf on Evidence, 16th ed., sec. 14q, p. 71.)   Where the doing of a wrongful act is conceded and the innocent intent is in issue, the doing of the same or a similar act upon other occasions is admitted in evidence to negative innocent intent. The limitations of this use are (a) that the wrongful act itself is conceded or otherwise proved to be done and the evidence is used only to negative innocent intent; and (b) the other acts must be of the same or a closely similar sort and not widely separated in time, in order to exclude an innocent explanation. (Id., p. 72.)

The case of *Martinez* v. *Planel,* 36 Cal. 578, was an action to recover damages for negligence of defendant in the management of his hotel by reason of which the plaintiff fell and was injured. Evidence was offered that other guests of the hotel had fallen in the same passageway shortly before the accident to plaintiff. Upon appeal, it was said that it was error to admit such testimony. "That was *res inter alios acta*—a collateral issue, which the defendants could not be required to try in this case. If it was competent for the plaintiffs to prove that other persons had met with like accidents at the same place, it would be competent for the defendants to rebut it, and there be no end or might be no end to the issues to be tried. The rule is too well established to need more than a citation of authorities (citing authorities)."

Respondent cites numerous authorities to the effect that the rule involved here does not vary with the criminal or civil character of the action; that it is more frequent in criminal actions to have an issue as to intent, motive, etc., but that whenever these matters are issues in civil cases,

the same evidentiary rules apply. There seems to be no doubt about that question. The ultimate question is one of relevancy and it is unaffected by the nature of the proceeding. But that does not justify the rulings of which complaint is made. The difficulty in the instant case is that intent is not in issue. The very doing of the act is the only issue between the parties. Upon that issue, evidence of similar acts a year before the occurrence of the incident under investigation is not helpful.

In the case of *Starr* v. *Los Angeles Ry. Corp.*, 187 Cal. 270, 281 [201 Pac. 599, 603], it was said: ''Evidence as to previous conduct and habit of the conductor as to sitting down and talking to passengers was improperly received, not only because of the fact that the matter was not in issue, but also because of the fact that his habit was not competent. (Citing cases.)''

[2] It has been repeatedly held that it is not competent to prove the commission of independent crimes by the defendant, the evidence of which has no tendency to prove some material fact in connection with the particular crime charged. (*People* v. *Canfield*, 173 Cal. 309 [159 Pac. 1046]; *People* v. *Cook*, 148 Cal. 334 [83 Pac. 43]; *People* v. *Buckley*, 143 Cal. 375 [77 Pac. 169]; *People* v. *Glass*, 158 Cal. 650 [112 Pac. 281]; *People* v. *Valliere*, 127 Cal. 65 [59 Pac. 295].) Such evidence is inadmissible either to show a disposition on the part of the defendant to commit such offenses as he is charged with or as corroborative of the testimony directed to the proof of the specific offense for which he is on trial. (*People* v. *Koller*, 142 Cal. 621 [76 Pac. 500].)

[3] It is apparent that this objectionable line of testimony must have been highly prejudicial to the defendant, and in view of the fact that the judgment against him is based almost entirely upon circumstantial evidence, we are not prepared to say that, exclusive of the objectionable testimony, the record shows that justice has been done between the parties. The error, therefore, compels a reversal of the judgment. It is so ordered.

Sturtevant, J., and Nourse, J., concurred.