## JOHNSON v. STEMCO CORP.
### Civ. A. No. 27499.

United States District Court
N. D. Ohio, E. D.
July 23, 1951.

Craig Spangenberg, Cleveland, Ohio, Robert B. Ivory, Pittsburgh, Pa., for plaintiff.

Frank X. Cull, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

This is a personal injury action arising out of an accident involving a claimed premature discharge of a powder activated tool manufactured by defendant.

Defendant has interposed objections to plaintiff's interrogatories 19(a) and 19(b).

These interrogatories are as follows:

"19(a) Prior to January 3, 1949, had defendant ever reported to any casualty insurance company any accident involving a claimed unintentional or premature firing of a Tempo-Tool?

"19(b) If so, give the date of such notification, the name of the injured person, and the name of such casualty insurance company."

The interrogatories are objected to on the ground of irrelevancy. The Court is inclined to believe and hold that they are irrelevant in the absence of any contrary showing by the plaintiff.

Evidence of other accidents involving this type of tool would be of doubtful admissibility at trial. Furthermore, any reports of such accidents to a casualty insurance company could not be compelled, being privileged as a confidential communication from the client, intended for the attorney, In re Klemann, 132 Ohio St. 187, 5 N.E.2d 492, 108 A.L.R. 505; Hollien v. Kaye, 194 Misc. 821, 87 N.Y.S.2d 782; Wigmore on Evidence, 3rd Edition, Vol. 8, Section 2317. Especially is this the rule in Ohio, In re Klemann, supra.

It is difficult to see, therefore; that the information sought will lead to the discovery of admissible evidence. Fed.Rules Civ.Proc. rule 26(b), 28 U.S.C.A.

Objections sustained.