[Civ. No. 38068. Second Dist., Div. Four. June 9, 1971.]

HAROLD S. MARCUS et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
WARREN BLANK, Real Party in Interest.

**COUNSEL**

Gibson, Dunn & Crutcher, Sherman S. Welpton, Jr., Charles S. Battles, Jr., and Bette B. Gallo for Petitioners.

No appearance for Respondent.

Marks, Sherman, London, Schwartz & Levenberg and Arthur Sherman for Real Party in Interest.

**OPINION**

**FILES, P. J.**—Petitioners here are a doctor of medicine and a hospital who are defendants in a malpractice action brought against them in the superior court. They ask us to set aside a discovery order upon the ground that it violates the physician-patient privilege. ██ We have concluded that the order is improper, that the issue is of some importance not so much to the parties as to third persons whose privacy is at stake, that an appeal would afford no remedy at all, and that a writ of prohibition is under the circumstances appropriate relief. (See *Oceanside Union School Dist.* v. *Superior Court* (1962) 58 Cal.2d 180, 185 [23 Cal.Rptr. 375, 373 P.2d 439].)

The parties will be referred to by their alignment in the superior court.

Plaintiff (real party in interest here) is seeking to recover damages from defendants for injuries allegedly sustained by him when the defendants performed various tests upon him. By deposition, interrogatories and a motion to produce documents, plaintiff has sought to force disclosure of the names and addresses of other persons to whom defendants gave angiographic testing. Defendants sought protective orders. After a hearing the superior court made the following order dated February 26, 1971:

"Plaintiff's Motion to Produce is denied and Defendants' Motion for a

Protective Order and to quash is granted, except that Defendants DR. MARCUS and CEDARS OF LEBANON—MOUNT SINAI HOSPITALS are hereby ordered to disclose to plaintiff, by letter of their counsel, or otherwise, and within ten days of receipt of notice of this Order from Plaintiff, the names and addresses of the eight patients of DR. MARCUS receiving the same type of tests as Plaintiff, next prior to the angiogram of Plaintiff, and the names and addresses of the eight patients of DR. MARCUS receiving the same type of tests as Plaintiff, next subsequent to the angiogram of Plaintiff, including (or, if not included, then also) the names and addresses of the two patients of DR. MARCUS who developed complications from said testing."

In defense of this order, plaintiff's counsel explains his purpose thus: "The need for the discovery is the investigation through other patients of a type of information relayed by the Doctor to determine the veracity of the doctor as to his normal practice prior to this type of serious procedure. . . . it is Plaintiff's position that the patient, upon contact, can claim the privilege and refuse to discuss their particular matter. It is, however, Plaintiff's position that at least in the first instance discovery should permit the exposure of names and addresses for proper investigation."

In substance, the purpose of giving plaintiff this information is to enable his investigators to seek out and interrogate Dr. Marcus' other patients and try to persuade them to discuss their experiences with the doctor.

Evidence Code section 994 provides: "Subject to Section 912 and except as otherwise provided in this article, the patient, whether or not a party, has a privilege to refuse to disclose, and to prevent another from disclosing, a confidential communication between patient and physician. . . ."

Evidence Code section 995 requires the physician to claim the privilege on behalf of his patients.

Evidence Code section 991 defines patient to include a person who submits to an examination for the purpose of securing a diagnosis.

As the Senate Committee Comment on section 991 noted, "Persons do not ordinarily consult physicians from idle curiosity." A person who received the specified test from Dr. Marcus will have communicated to the physician facts about himself indicating the need for such testing. If Dr. Marcus is required to list persons receiving such tests as required by the court's order, he necessarily reveals this confidential information. In *Costa* v. *Regents of Univ. of California* (1953) 116 Cal.App.2d 445, 463 [254 P.2d 85], such a disclosure was held to violate the physician-patient privilege as it existed prior to the adoption of the Evidence Code, under former

Code of Civil Procedure section 1881, subdivision 4. The rule stated in the *Costa* case is applicable here.

We recognize that the disclosure of a patient's name does not necessarily violate the privilege. *Ascherman* v. *Superior Court* (1967) 254 Cal.App.2d 506 [62 Cal.Rptr. 547] is such a case, where the context revealed nothing of any communication concerning the patient's condition or the physician's diagnosis. In the case at bench it is not merely the disclosure of the name and address, but the joining of that information with the limitation in the question that these were patients who had received the specified tests. The vice of the inquiry is aggravated with respect to the two patients "who developed complications from said testing."

Let a peremptory writ issue prohibiting the enforcement of the superior court's order of February 26, 1971, requiring the disclosure of the names and addresses of the patients described therein.

Jefferson, J., and Dunn, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied August 4, 1971.