[Civ. No. 42140. Second Dist., Div. Two. Aug. 1, 1973.]

CITY OF LOS ANGELES, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
SHIRLEY ANN FERGUSON, Real Party in Interest.

**COUNSEL**

Roger Arnebergh, City Attorney, George J. Franscell, Assistant City Attorney, and Thomas M. Dempsey, Deputy City Attorney, for Petitioner.

No appearance for Respondent.

Lacy & Lacy and Edward M. Lacy, Jr., for Real Party in Interest.

**OPINION**

FLEMING, J.—Personal injury action for battery by a police officer. The basic issue in this application for extraordinary writ is the extent to which police department records of its officers are discoverable in a civil action as a matter of course.

Shirley Ann Ferguson, plaintiff herein, avers she was picnicking in a Los Angeles city park on 14 December 1969 when Officer Donald W. Murphy set upon her with a club and "struck, beat and bruised" her. The officer, she asserts, was acting within the course and scope of his employ-

ment as a member of the Los Angeles Police Department. Plaintiff filed her action in the superior court against the City of Los Angeles, Officer Murphy, and others. Defendant city appeared in the action, but Officer Murphy has not been served. According to the city's answers to interrogatories, the officer resigned from the police department on the day of the incident and has since moved to another state.

Plaintiff propounded the following written interrogatories, among others, to defendant:

"4. Was Officer Donald W. Murphy ever suspended by the Los Angeles Police Department or by any other entity which has authority to suspend officers of the Los Angeles Police Department?

"6. Have any other persons made complaints to the Los Angeles Police Department concerning the conduct of Donald W. Murphy?

"7. If the answer to number 6 is in the affirmative, please state the names and addresses of the persons making the complaints, the nature of the complaints and the dates thereof.

"10. If the answer to number 4 is in the affirmative, please state the dates thereof and the reasons therefor."

Defendant objected to these interrogatories as irrelevant to the issues and not reasonably calculated to lead to the discovery of admissible evidence. It additionally objected to Nos. 6 and 7 as calling for privileged information, for conclusions, and for work product.

Plaintiff moved to require answers to its written interrogatories, and it also moved to compel defendant to produce for inspection and copy "the file concerning the hiring, employment of and termination of employment" of Officer Murphy. In opposition to the motion to produce the personnel file, defendant asserted a privilege against public disclosure of personnel records, citing as authority Evidence Code section 1040 and Government Code section 6254. To support its claim of privilege, defendant filed the declaration of Lieutenant Jack Briggs, commanding officer of the personnel division of the police department, which asserted that inspection of the personnel file would constitute an unwarranted invasion of personal privacy and a disclosure of confidential information contrary to the public interest. The declaration urged that such records be kept confidential "in order to obtain the full and complete cooperation of both police officers and civilians in the investigation of alleged police misconduct."

After hearing the motions the superior court ordered the challenged interrogatories answered and the personnel file of Officer Murphy produced. Defendant has sought by writ to overturn the order of the superior court on grounds that the requested material is (1) irrelevant and (2) privileged. (Code Civ. Proc., § 2016, subd. (b).)

## I

We first consider the issue of relevance. Section 2016, subdivision (b) includes within the broad sweep of relevance any material that "relates to the claim . . . of the examining party, or to the . . . defense of any other party . . . ." Plaintiff's action against defendant is predicated upon an employer-employee relationship, and a declaration by plaintiff's attorney states that discoverable information is needed "in order to determine whether defendant City of Los Angeles was negligent . . . in continuing to employ Officer Donald W. Murphy on December 14, 1969. If such is the case, plaintiff . . . will move to file an amended complaint." Plaintiff also declares that one wintess has indicated in the course of discovery that defendant will claim that any harm done plaintiff by Officer Murphy was accidental. She urges that answers to the challenged interrogatories, as well as information in the personnel file, will disclose whether the officer has engaged in similar acts in the past and thus bear on the question whether the claimed injury was in fact accidentally inflicted. Defendant in opposition urges the irrelevancy of this information to the present pleadings and its inadmissibility as evidence in any trial.

Under section 2016, subdivision (b) relevancy to the subject matter of a pending action is a broader concept than relevancy to the issues (*Pettie* v. *Superior Court,* 178 Cal.App.2d 680, 687 [3 Cal.Rptr. 267]), in that relevancy to subject matter is determinable by potential, not actual, issues in the case. (*Pacific Tel. & Tel. Co.* v. *Superior Court,* 2 Cal.3d 161, 174 [84 Cal.Rptr. 718, 465 P.2d 854]; cf. *Rossbach* v. *Superior Court,* 43 Cal.App. 729, at p. 731 [185 P. 879]: ". . . plaintiff's right to have defendant's deposition depends not alone upon whether it is material to issues tendered thereby, but [whether] . . . it would be material to any possible issue raised by new allegations contained in an amended complaint which the court might properly permit plaintiff to file.") The subject matter at bench, broadly speaking, is the liability of a municipality as an employer. As an employer a municipality may incur liability for assault and battery committed by a police officer acting within the course and scope of his employment. (*Scruggs* v. *Haynes,* 252 Cal.App.2d 256, 267-268 [60 Cal.Rptr. 355].) It may also incur liability for willfully continuing to employ an individual of known violent propensities.

(Cf. *Coats* v. *Construction & Gen. Laborers Local No. 185,* 15 Cal.App. 3d 908, 914 [93 Cal.Rptr. 639].) ■ And it may incur liability for a negligent failure to adequately supervise its employees. (*Ramos* v. *County of Madera,* 4 Cal.3d 685, 695-696 [94 Cal.Rptr. 421, 484 P.2d 93].)

Mindful of this concept of relevancy we examine the specific items of discovery sought.

Interrogatories 4 and 10 relate to events—i.e., past suspension of Officer Murphy from duty. These interrogatories seek to discover matters of fact and not opinions, speculations, or conclusions. Conceivably a particular officer's suspensions could be so numerous and grow out of such serious charges that an employer would be put on reasonable notice that the officer was not fitted to perform the duties of a peace officer. ■ Conceivably the dates and reasons for such suspension could serve to warn an employer that the officer was not suited to perform, either temporarily or permanently, the particular duties to which he had been assigned. If the suspension record of Officer Murphy were to suggest these possibilities, then an amendment of plaintiff's complaint to add other causes of action might be appropriate. For these reasons we think information about suspensions of Officer Murphy from his duties with the Los Angeles Police Department (Interrogatory 4) together with dates and reasons for such suspensions (Interrogatory 10) is relevant to the subject matter of the action and might become relevant to the issues in an amended complaint. The superior court correctly required defendant to answer these interrogatories ■ We note, however, that any suspension resulting from the incident that occurred on 14 December 1969 would not be discoverable, in view of the settled rule prohibiting the use of remedial measures undertaken after an event to prove negligence or culpability in connection with the event itself. (Gov. Code, § 6254, subd. (b); Evid. Code, § 1151.)

■ Interrogatories 6 and 7 seek to discover whether other persons have complained to the police department "concerning the conduct" of Officer Murphy; and if they have, their names and addresses and the nature and dates of their complaints. These obtuse interrogatories cover a field of interrogation so broad that they could require the production of information wholly alien to the subject matter of this action. Conduct that provoked complaint might extend, for example, to the manner in which the officer drove a patrol car, wore his uniform, responded to an emergency situation, selected his language, modulated his voice, or employed gesture in the performance of duties. (See *Engstrom* v. *Superior Court,* 20 Cal. App.3d 240, 245 [97 Cal.Rptr. 484], where the court found the term "assaultive conduct" ambiguous in a similar context.) Yet even were we

to narrow these interrogatories to complaints by members of the public of assault and battery, evidence of such conduct would be of dubious value (cf. *Johnson* v. *Stemco Corp.* (N.D. Ohio 1951) 11 F.R.D. 603; *Wood* v. *McCullough* (S.D.N.Y. 1968) 45 F.R.D. 41, 42), for the character or reputation of a defendant is not an issue in a civil action for assault, and evidence of other specific instances of misconduct is not admissible to prove misconduct on the particular occasion. (*Deevy* v. *Tassi*, 21 Cal.2d 109, 122-123 [130 P.2d 389]; *Larson* v. *Larsen*, 72 Cal.App. 169, 173 [236 P. 979]; see also *People* v. *Zankich*, 189 Cal.App.2d 54, 62-66 [11 Cal.Rptr. 115].) In *Larson* the court said: "It has been repeatedly held that it is not competent to prove the commission of independent crimes by the defendant, the evidence of which has no tendency to prove some material fact in connection with the particular crime charged. [Citations.] Such evidence is inadmissible either to show a disposition on the part of the defendant to commit such offenses as he is charged with or as corroborative of the testimony directed to the proof of the specific offense for which he is on trial. [Citation.]"

. In our view the information sought by Interrogatories 6 and 7 is not relevant to the subject matter of the action, and the superior court should have sustained defendant's objection to these interrogatories.

## II

We turn to defendant's claim of privilege with respect to information contained in Officer Murphy's personnel file. Evidence Code section 1040 provides: "(a) . . . 'official information' means information acquired in confidence by a public employee in the course of his duty and not open, or officially disclosed, to the public . . . .

"(b) A public entity has a privilege to refuse to disclose official information, . . . if the privilege is claimed by a person authorized by the public entity to do so and: . . . (2) Disclosure of the information is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice; . . ."

Defendant properly asserted its claim of privilege under the statute. It declared that information in the personnel file was obtained by a public employee in the course of his duty and in confidence, and it claimed the privilege through a duly authorized agent. We have no doubt that a personnel file is a repository of official information (cf. Gov. Code, § 6254,

subds. (b) and (f)), and accordingly, we must evaluate the claim of privilege on its merits.

In considering a claim that official information is privileged a court is required to balance public interest in confidentiality of information against private interest in its disclosure. The statute "imposes a balancing process on the courts. It implicitly recognizes . . . that some kinds of governmental secrecy must be locked away from the most necessitous litigant. . . ." (*People* v. *Superior Court (Biggs),* 19 Cal.App.3d 522, 530 [97 Cal.Rptr. 118].) What plaintiff seeks by her motion to inspect the personnel file is not discovery of specific items of information, but rather examination of all information about Officer Murphy in the possession of the police department. Such raw data—which may include unverified and unfounded complaints, confidential investigations on the officer by his colleagues and superiors, and such privileged material as medical and psychiatric examinations—is not lightly to be invaded. "The members of a police department must be able to rely on their confidential records and notations being preserved for their internal use . . . for if it were otherwise, the knowledge that some of the confidential information recorded might be later exposed to outside parties would have a certain and chilling effect upon the internal use of such record making." (*Kott* v. *Perini* (N.D. Ohio 1968) 283 F.Supp. 1, 2.)

In considering the motion to inspect the personnel file the court was required to balance plaintiff's need for the information sought against defendant's need to preserve the confidentiality of its records. Plaintiff's need can hardly be called compelling. Material in the personnel file could have no direct relationship to the events that occurred in the Los Angeles city park on 14 December 1969. Nothing in the file could evidence the circumstances of the battery about which complaint was made. (Cf. *Kinney* v. *County of Contra Costa,* 8 Cal.App.3d 761, 771 [87 Cal.Rptr. 638].) The only conceivable relationship between the personnel file and plaintiff's cause of action against the city lies in the possibility that information from the file could be used to develop a charge against the city of negligent employment of the officer or negligent supervision of his activities. We think this possibility is sufficiently taken care of by inquiry into the fact of prior suspensions.

On the other hand confidential personnel files are vital to the development of full information on members of the police department. Proper supervision and control of any large body of subordinates demand comprehensive personnel records which will fully and accurately reflect their performances, a demand that would be largely frustrated if personnel rec-

ords became routinely available for public inspection. These considerations have special force in the case of police officers, who customarily perform their duties in the field at a distance from close supervision and whose integrity is the keystone in the construction of a sound municipality. An analogous situation was ruled upon in *Chronicle Pub. Co.* v. *Superior Court,* 54 Cal.2d 548 [7 Cal.Rptr. 109, 354 P.2d 637], a case in which the court upheld a claim of privilege by the State Bar against disclosure of its records and files relating to complaints about and disciplinary proceedings against a member of the State Bar. In upholding the privilege the court said, "in the case of complaints against members of the State Bar, it is essential to secure all possible information bearing thereon, and necessarily much of the information can only be had upon the understanding that the informant and the information will be treated as confidential." (P. 570.) The court concluded that the privilege against disclosure "applies to all information given the State Bar in connection with complaints against its members." We think the same factors that require confidentiality with respect to complaints against members of the State Bar require confidentiality with respect to complaints against police officers. ■ Absent any unusual factors, and we find none in this case, the need for confidentiality of police personnel records outweighs the need for their disclosure to private litigants. We conclude that the superior court abused its discretion in overruling the claim of privilege and requiring defendant to produce Officer Murphy's personnel file for inspection.

Let a peremptory writ of mandate issue directing the superior court to vacate its order insofar as it requires defendant to answer Interrogatories 6 and 7 and insofar as it requires production of the personnel file of Officer Murphy.

Roth, P. J., and Compton, J., concurred.