## Brown v. Rishel

*Gordon C. Post, Jr.,* for plaintiff.
*Charles Garbett,* for defendant.

PER CURIAM, March 15, 1978—Defendant Union Township, pursuant to Pa.R.C.P. 1035(a), moves for summary judgment against plaintiff Robert W. Brown. This court must deny defendant's motion.

## FACTUAL BACKGROUND

Robert W. Brown filed a complaint in trespass against David Rishel, a police officer for Union Township. The township was also named as a defendant. The complaint charges that Mr. Rishel willfully assaulted Robert Brown while attempting to illegally arrest him. In his answer, David Rishel alleged that while he was responding to a call for police assistance, plaintiff first struck Mr. Rishel and that he was forced to defend himself and subdue plaintiff. Also, David Rishel alleges that he identified himself to plaintiff as a Union Township police officer prior to plaintiff's assault. Union Township, in its answer, alleged that David Rishel was not acting within the scope of his employment when the alleged assault occurred. Subsequently, Union Township took the deposition of defendant David Rishel. There, Mr. Rishel testified that he had no authority as a Union Township police officer to deliberately assault anyone. Based upon the pleadings and the deposition of David Rishel, Union Township then moved for summary judgment against plaintiff. In his answer to the rule to show cause why summary judgment should not be granted, defendant David Rishel attached three sworn affidavits that he was working as a Union Township police officer when he confronted plaintiff Robert Brown and that Mr. Brown, without

provocation, attacked David Rishel, an attack that required the calling of additional help to subdue plaintiff.

## DISCUSSION

The sole issue to be decided by this court is whether there is a genuine issue of liability on the part of Union Township arising out of the alleged willful attack upon Robert W. Brown. The function of summary judgment is to avoid a useless trial where there "'is no genuine issue as to any material fact.'" 2 Goodrich-Amram 2d §1035:1. As the Commonwealth Court stated in Yakowicz v. Costigan, 17 Pa. Commonwealth Ct. 287, 331 A. 2d 238 (1975), summary judgment is to be granted if the record, reviewed in a light most favorable to the non-moving party, reveals that the moving party is entitled to judgment as a matter of law. In addition, the Superior Court in Schacter v. Albert, 212 Pa. Superior Ct. 58, 239 A. 2d 841 (1968), held that the party moving for summary judgment has the burden of demonstrating clearly that there is no genuine issue as to any material fact. Finally, the court in Herskovitz v. Vespico, 238 Pa. Superior Ct. 529, 362 A. 2d 394 (1976), ruled that when deciding a motion for summary judgment, all doubts as to the existence of a genuine issue of fact must be resolved against the moving party.

When ruling on a motion for summary judgment, Rule 1035(b) allows the court to consider the pleadings, depositions and affadavits to show that there is no genuine issue as to any material fact. Thus, in the instant case, this court can look at all the pleadings, the deposition of defendant David Rishel and the affidavits filed by Mr. Rishel to determine if, as

a matter of law, Union Township can be held liable for a willful assault upon plaintiff Robert Brown by one of its police officers under the doctrine of respondeat superior.

The Pennsylvania Supreme Court in Ayala v. Philadelphia Board of Education, 453 Pa. 584, 305 A. 2d 877 (1973), abolished the doctrine of governmental immunity. Thus, in Laughlin v. Pittsburgh, 226 Pa. Superior Ct. 431, 310 A. 2d 289 (1973), the court held that the city was not immune from liability for injury to a bystander sustained when a police officer discharged his service revolver. Therefore, a suit against Union Township can be maintained under the doctrine of respondeat superior if Officer Rishel was acting within the scope of his employment. But, it is not enough to simply allege that Officer Rishel was an employe of Union Township at the time of the alleged assault: Winward v. Rhodewalt, 203 Pa. Superior Ct. 369, 198 A. 2d 623 (1964); Restatement, 2d, Agency, §219(1). So, the issue now is whether an intentional tort committed by a police officer is done within the scope of the employment of that officer. If this is so, summary judgment is not proper in the instant case.

The courts of Pennsylvania have not ruled on this question. However, the Supreme Court has held that a private security guard was acting within the scope of his employment when he used more force than necessary to remove strikers from his employer's property: Pilipovich et al. v. Pittsburgh Coal Company, 314 Pa. 585, 172 Atl. 136, 137 and 138 (1934). There the court noted that the security guard was employed to do the very thing he did . . . "It may be that he acted hastily and used more force than was necessary. This, however, would not necessarily take his act outside the scope of his

employment. The master who puts the servant in a place of trust or responsibility and commits to him the management of his business or the care of his property is justly held responsible when the servant, through lack of judgment or discretion or from infirmity of temper, or under the influence of passion aroused by the circumstances and the occasion, goes beyond the strict line of his duty or authority, and inflicts an unjustifiable injury upon another."

Also, other jurisdictions have held municipalities liable for the intentional torts of their police officers. In Jackson v. City of Florence, 294 Ala. 592, 320 So. 2d 68 (1975), the Supreme Court of Alabama overturned a demurrer to a complaint against the city based upon the willful assault of plaintiff by a city police officer. The Court of Appeals of California in City of Los Angeles v. Superior Court City of Los Angeles, 33 Cal. App. 3d 778, 109 Cal. Rptr. 365 (1973), ruled that as an employer, a city could incur liability for assault and battery committed by a police officer. Also, in Cheatham v. Lee, 277 So. 2d 513 (1973), the Court of Appeals of Louisiana upheld the determination of the trial court that a police officer was acting within the scope of his employment when he struck plaintiff while attempting to break up an altercation even though the officer was off duty and chaperoning a dance. Finally, the court in Williams v. Brown, 398 F.Supp. 155 (N.D. Ill. 1975), noted that in Illinois a municipality is liable even for the intentional torts of its police officers.

In light of these decisions it is no help on motion for summary judgment to point out that Officer Rishel testified at the deposition that he was not

authorized to intentionally assault anyone. Determinations of scope of employment are for the court to make, guided by settled principles of law. As the court in Pilipovich, supra, pointed out, where the servant engaged in the type of work he was hired to perform goes beyond the strict line of his duty, this action will not automatically result in no liability on the part of his employer. Here, there is little doubt that Officer Rishel was performing his duty when he arrived at the store and confronted plaintiff. If he did go beyond his authority and assault Mr. Brown without provocation, this action is so close to his duty to ensure the peace of the community and apprehend those who violate it that it cannot be said that absolutely no liability on the part of Union Township results from such an attack.

Because the moving party has the burden of clearly demonstrating no genuine issue as to any material fact and all doubts must be resolved against the moving party, summary judgment would not be proper in the instant case. It is far from clear that a municipality is not liable for the intentional torts of its police officers while conducting the business of the municipality. Therefore, it cannot be said that Union Township is entitled to judgment as a matter of law against plaintiff Robert Brown.