[Civ. No. 58720. Second Dist., Div. Five. Sept. 23, 1980.]

CITY OF ALHAMBRA et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
OSCAR GONZALEZ et al., Real Parties in Interest.

514

516

**Counsel**

Leland C. Dolley, City Attorney, Burke, Williams & Sorensen and Peter M. Thorson for Petitioners.

No appearance for Respondent.

Michael G. Sannes and Sannes & Greenberg for Real Parties in Interest.

## Opinion

**STEPHENS, J.**—Petitioners are the defendants in an action by real parties in interest for assault and battery, intentional infliction of mental distress, false imprisonment and violation of the federal Civil Rights Act. The individual petitioners are all police officers for the city. The complaint alleges that petitioner Eugene Shepherd without provocation or justification, and while acting as the agent of the remaining petitioners, physically assaulted and verbally abused real parties, that petitioner Robert Panza witnessed Shepherd's unlawful acts and failed to fulfill an affirmative duty to protect real parties, and that petitioners David Ross (the police chief), John Hunter and the City of Alhambra were aware, at the time of the incident, that Shepherd was "vicious" and "unfit" to serve as a police officer, but wrongfully permitted him to serve in that capacity.

In connection with the pending litigation, real parties propounded certain interrogatories. Being dissatisfied with the answers they received, real parties moved to compel further answers. The within petition for writ of mandate challenges respondent's order granting real parties' motion insofar as it relates to certain of the interrogatories.

■ As has been noted repeatedly, pretrial review of discovery orders by means of extraordinary writ is generally disfavored. The aggrieved party normally must raise the issue on appeal following a final judgment. (*Sav-On Drugs, Inc. v. Superior Court* (1975) 15 Cal.3d 1, 5 [123 Cal.Rptr. 283, 538 P.2d 739]; *Pacific Tel. & Tel. Co. v. Superior Court* (1970) 2 Cal.3d 161, 169 [84 Cal.Rptr. 718, 465 P.2d 854].) An exception to this general rule exists, however, where the objection raised is that the information sought is protected from disclosure by a statutory privilege, since redress after disclosure would, of course, be impossible. (*Sav-On Drugs, Inc. v. Superior Court, supra*; *Roberts v. Superior Court* (1973) 9 Cal.3d 330, 335-336 [107 Cal.Rptr. 309, 508

P.2d 309]; *Pacific Tel. & Tel. Co.* v. *Superior Court, supra,* 2 Cal.3d 161, 170, fn. 11.) The interrogatories involved in the instant proceeding fall into three subject matter categories. The first of these (interrogatories Nos. 1.10 to 1.11) presents an issue involving the patient-psychotherapist privilege (Evid. Code, § 1010 et seq.). Review on petition for writ of mandate is therefore appropriate, and we issued an alternative writ to consider the merits of petitioners' contentions.

The interrogatories in question were addressed to all of the petitioners and respondent's minute order compelling further answers is general in its terms, not specifying which petitioners are supposed to provide the answers. Interrogatory 1.10 asks, "Have you ever received psychiatric treatment in any mental institution, hospital, or from any psychiatrist, practitioner or other person?" Interrogatory 1.11 asks, "If so, state: (a) the name and address of each such institution, hospital, doctor or person, (b) Enclosure dates of each hospitalization, (c) The nature of each condition for which treatment or hospitalization was received." These interrogatories are, of course, meaningless in relation to the city. They are irrelevant as to Ross, Hunter and Panza. The moving papers in support of the motion to compel further answers make clear that the information is sought only with respect to Shepherd's psychiatric history. Real parties assert that the interrogatories do not seek confidential communications, but only nonprivileged background information.

The issue is a sensitive one. ■ The patient-psychotherapist privilege is to be construed liberally in favor of the patient and his right to privacy. (*In re Lifschutz* (1970) 2 Cal.3d 415, 437 [85 Cal.Rptr. 829, 467 P.2d 557, 44 A.L.R.3d 1].) Interrogatory 1.11(c) which seeks the nature of the condition for which Shepherd received treatment clearly falls within the privilege. The question is closer with respect to interrogatories 1.10 and 1.11 (a) and (b). They do not seek the contents of any communications which passed between Shepherd and a psychotherapist and thus, technically might be regarded as outside the privilege. When, however, disclosure of the fact of consultation also of necessity discloses the nature of the condition for which the patient sought treatment, then the fact of disclosure also becomes privileged. (See *Marcus* v. *Superior Court* (1971) 18 Cal.App.3d 22 [95 Cal.Rptr. 545], dealing with a similar problem in connection with the physician-patient privilege. (Evid. Code, § 990 et seq.))

In *Marcus, supra*, a patient who had sued for malpractice after undergoing an angiogram sought disclosure of the names of other of the doctor's patients who had undergone angiograms in the recent past. The court held that although disclosure of the fact that a person had consulted a doctor did not, in and of itself, violate the physician-patient privilege, disclosure of a list of patients who had undergone a particular test did violate the privilege by disclosing the nature of the treatment received, information from which the nature of the patient's ailment also was either disclosed or could be inferred.

An analogous situation exists with respect to the information sought here and, a similar result should obtain. If Shepherd were compelled to divulge the fact of psychiatric treatment, he would simultaneously divulge more about the nature of the condition for which he sought treatment—to wit an emotional or mental problem—than Evidence Code section 1014 requires him to disclose.

■ Real parties urged below that disclosure was proper under Evidence Code section 999 which provides: "There is no privilege *under this article* as to a communication relevant to an issue concerning the condition of the patient in a proceeding to recover damages on account of the conduct of the patient if good cause for disclosure of the communication is shown." (Italics added.) Section 999 is applicable only to article 6 of division 8, chapter 4 of the Evidence Code, the physician-patient privilege. There is no comparable exception in article 7 of division 8, chapter 4, the psychotherapist-patient privilege, which is involved here. It is not the function of the judiciary to create such an exception. Shepherd has not "tendered" an issue concerning his mental and emotional condition by denying liability to real parties (Evid. Code, § 1016) and there is no other applicable exception contained in article 7, division 8, chapter 4 of the Evidence Code. We therefore conclude that respondent's order of January 31, 1980, was invalid insofar as it directed Shepherd to answer interrogatories 1.10 and 1.11.

■ A somewhat different situation would exist, if real parties sought by interrogatories 1.10 and 1.11 to have the petitioners other than Shepherd divulge information known to them about Shepherd's possible psychiatric treatment. The complaint attempts to hold the city, Ross and Hunter liable for Shepherd's behavior on the theory that they knew he had a propensity for violence which rendered him unfit to serve as a police officer. (*City of Los Angeles* v. *Superior Court* (1973) 33 Cal.App.3d 778, 782-783 [109 Cal.Rptr. 365].) It attempts to hold

Panza liable on the theory that he violated a duty to protect real parties from Shepherd. Information which the other petitioners might have had prior to the incident which gave rise to the litigation as to Shepherd's possible psychiatric treatment would be relevant to the subject matter of the litigation (Code Civ. Proc., § 2016, subd. (b)) and thus potentially discoverable. As to any such information which Shepherd may have divulged to the other petitioners, he might or might not have waived his patient-psychotherapist privilege, depending on the circumstances under which the disclosure took place.[1]

It is not clear on the present record that real parties intended or that petitioners or respondent understood interrogatories 1.10 and 1.11 as soliciting information from the remaining petitioners as to their knowledge of Shepherd's psychiatric history. If that was real parties' intent they should be allowed to pursue that course of discovery by submitting a further set of interrogatories to the petitioners other than Shepherd which clarifies their intent in this regard. Any such further interrogatories would, of course, be subject to any pertinent objections petitioners care to raise.

There are two remaining groups of interrogatories about which petitioners complain. Neither of these involves a claim of privilege and they would not, by themselves, have warranted review by way of extraordinary writ. Since we have already issued the alternative writ, however, to deal with the objections raised to interrogatories 1.10 and 1.11, in the interest of judicial economy we will deal briefly with petitioners' remaining complaints.

Interrogatories 1.46 and 1.47 seek information as to financial records. ■ The objection to these was interposed by petitioner Ross. The information sought is, as petitioners concede, relevant to the issue of punitive damages. The objection raised is that the interrogatories are premature because trial is still several years away. The matter is one properly committed to the sound discretion of the trial court. That

---

[1]Information concerning Shepherd's psychiatric history, if any, which he might have disclosed to the other petitioners after the incident with real parties, might, depending on the circumstances of disclosure, fall within the attorney-client or work product privileges and thus be protected against discovery. (Code Civ. Proc., § 2016, subd. (b); Evid. Code, § 950 et seq.) We need not involve ourselves in an examination of those issues, however, since disclosures after the incident would not be relevant to the subject matter of the litigation, to wit, the codefendants' *prior* knowledge of possible unfitness, and thus would *not in any event have been* discoverable. (Code Civ. Proc., § 2016, subd. (b).)

court was not obliged to accept petitioners' contention that the inquiry was premature; it could well have concluded that counsel for real parties showed admirable diligence in promptly and vigorously preparing his case. No grounds for relief exist with respect to respondent's ruling on interrogatories 1.46 and 1.47.

The final group of interrogatories under review (Nos. 1.61-1.73)[2] seeks information regarding petitioners' possible involvement in prior suits for "bodily injuries."[3] ■ The objection raised to this group of questions is that the information is a matter of public record and is thus equally accessible to both parties. Here again, the issue is one properly within respondent's discretion. Although the public records are equally accessible to both sides, petitioners' own records of such lawsuits are undoubtedly more easily accessible to it than are the public records. Respondent did not abuse its discretion in ordering petitioners to share their more convenient source of information with real parties. No grounds for relief have been stated as to interrogatories 1.61-1.73.

Let a peremptory writ of mandate issue directing respondent court to vacate that portion of its order of January 31, 1980, which compels further answers to interrogatories 1.10 and 1.11, and to enter a new and

---

[2]"1.61. Have you ever been a Party to litigation for bodily injuries other than this present action?

"1.62. If your answer to the question immediately preceding is in the affirmative, please state the title of each such litigation.

"1.63. The name and address of the Court in which such Action was filed and/or tried.

"1.64. The nature of each such Action.

"1.65. The Court File Number of each such Action.

"1.66. The Defendant Insurance Company involved.

"1.67. The nature and extent of bodily injuries claimed.

"1.68. Present status of said injuries.

"1.69. The date of the occurrence of said injury.

"1.70. With regard to any prior litigation for bodily injuries which you have admitted in your answers to previous interrogatories, please supply the information requested in Interrogatories 1.71 through 1.73.

"1.71. The names, addresses and telephone numbers of all other persons involved in each incidence upon which such litigation is based.

"1.72. How each such incident happened.

"1.73. The nature and extent of the injuries received by any individual therein."

[3]No complaint is raised that the inquiry is overbroad. We assume that the parties in fact understood these interrogatories to apply only to prior cases involving intentional torts by the individual petitioners or by other city employees and not to any and all suits for negligence which may have been filed against the city. Our comments as to the propriety of respondent's order are based on this assumption.

different order denying the motion as to interrogatories 1.10 and 1.11. As to interrogatories 1.46, 1.47 and 1.61-1.73, the alternative writ is discharged and the peremptory writ is denied.

Kaus, P. J., and Hastings, J., concurred.