[Civ. No. 50983. First Dist., Div. Two. Apr. 17, 1981.]

GERALD WALKER SMITH, Petitioner, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY,
Respondent;
LINDA R. SMITH, Real Party in Interest.

**Counsel**

Charles A. Pinkham, Jr., for Petitioner.

No appearance for Respondent.

Jack K. Berman and Robert I. Kligman for Real Party in Interest.

**Opinion**

**SMITH, J.**—Gerald Smith, the petitioner in a marital dissolution action and a licensed psychologist, seeks a writ of mandate or prohibition to restrain respondent court from enforcing a discovery order requiring him to produce the names, addresses and telephone numbers of certain

patients and former patients. This court issued an alternative writ at the direction of the Supreme Court.[1]

The sole issue presented is whether the discovery order violates the psychotherapist-patient privilege (Evid. Code, § 1010 et seq.).

In the dissolution action, real party in interest, petitioner's wife, served the following interrogatory upon petitioner: "With reference to each person whom you have seen professionally since January 1, 1978, list the following: (a) Name of patient; (b) Address of patient; (c) Telephone number of patient; (d) How much money have you received from that patient since January 1, 1978, through May 31, 1979?"

When petitioner objected to this interrogatory on the basis of the psychotherapist-patient privilege, real party in interest filed a motion to compel an answer. In his declaration in opposition to real party in interest's motion, petitioner stated: "Much of my practice concerns consultations about family and marital matters, sexual matters including extramarital affairs and incest and other similar topics. The very fact that a person consults me constitutes a privileged communication. People would not consult me if they knew that the *fact* of their consulting with me might be disclosed to anyone. Many of my patients consult me without the knowledge of their spouse or mate, the problems with whom (often very intimate and confidential problems) are the subject of the consultation. . . . I have already submitted income tax returns—indeed, joint income tax returns in which Respondent [real party in interest] has participated . . . she can if she wishes review bank deposit records which accurately reflect the money I received from my practice. I keep no billing records other than bank deposit records which are reflected in bank statements. I have no objection to disclosing this information."

At the hearing on the motion, counsel for real party in interest stated that the information sought was relevant to the issue of spousal support. Counsel alleged that, while petitioner's bank deposit slips showed yearly deposits of approximately $16,000, appointment books in real party in interest's possession revealed an income of approximately $60,000 per

---

[1]By its order directing that an alternative writ be issued, the California Supreme Court has determined that, in the ordinary course of law, petitioner is without adequate remedy. (*Pedlow v. Superior Court* (1980) 112 Cal.App.3d 368, 369-370 [169 Cal.Rptr. 326].)

year and that "monies were deposited in safety deposit boxes during the whole course of the marriage."

The trial court urged the parties to work between themselves and find a compromise that would both preserve the patients' anonymity and secure for the wife more detailed information regarding petitioner's income. After the parties failed to reach an agreement, respondent court, in its memorandum of decision, ruled: "Respondent's motion to compel answers to interrogatory # 173 is granted. The Court specifically finds no psychotherapist-patient privilege exists insofar as patient's name, address, telephone number and amount of money received from each such patient. The Court notes that the offer to furnish copies of bank deposits and tax returns is a totally inadequate response where petitioner husband acknowledges he does not bill and has no other financial records."

Evidence Code section 1014[2] in pertinent part provides: "Subject to Section 912 and except as otherwise provided in this article, the patient, whether or not a party, has a privilege to refuse to disclose, and to prevent another from disclosing, a confidential communication between patient and psychotherapist if the privilege is claimed by: (a) The holder of the privilege; (b) A person who is authorized to claim the privilege by the holder of the privilege; or (c) The person who was the psychotherapist at the time of the confidential communication, ..." Section 1015 provides: "The psychotherapist who received or made a communication subject to the privilege under this article shall claim the privilege whenever he is present when the communication is sought to be disclosed and is authorized to claim the privilege under subdivision (c) of Section 1014." Thus, under the conditions set out in section 1015, petitioner must assert the privilege of his clients to prevent disclosure of privileged communications.

In its 1965 comment to section 1014, the Legislature recognized that the unique nature of the psychotherapist-patient relationship requires a greater degree of protection than that afforded the physician-patient relationship. The Legislative Committee comment states: "A broad privilege should apply to both psychiatrists and certified psychologists. Psychoanalysis and psychotherapy are dependent upon the fullest revelation of the most intimate and embarrassing details of the patient's life. Research on mental or emotional problems requires similar disclo-

---

[2]All references are to the Evidence Code unless otherwise indicated.

sure. Unless a patient or research subject is assured that such information can and will be held in utmost confidence, he will be reluctant to make the full disclosure upon which diagnosis and treatment or complete and accurate research depends."

The Legislative Committee comment continues: "The Law Revision Commission has received several reliable reports that persons in need of treatment sometimes refuse such treatment from psychiatrists because the confidentiality of their communications cannot be assured under existing law. Many of these persons are seriously disturbed and constitute threats to other persons in the community. Accordingly, this article establishes a new privilege that grants to patients of psychiatrists a privilege much broader in scope than the ordinary physician-patient privilege. Although it is recognized that the granting of the privilege may operate in particular cases to withhold relevant information, the interests of society will be better served if psychiatrists are able to assure patients that their confidences will be protected." (See also *In re Lifschutz* (1970) 2 Cal.3d 415, 431, 434-435, fn. 20 [85 Cal.Rptr. 829, 467 P.2d 557, 44 A.L.R.3d 1].)

This statutory privilege is to be construed in favor of the patient (*id.* at p. 437), and, indeed, is in part based upon the constitutional right to privacy (*id.* at p. 432).

■ Since, as the parties properly concede, information sought by the discovery order does not fall within any of the exceptions to the privilege (see §§ 912, 1016-1028), the sole issue in this case is whether it may be defined as a confidential communication protected by the privilege.

A confidential communication is defined in section 1012 as "... information, including information obtained by an examination of the patient, transmitted between a patient and his psychotherapist in the course of that relationship and in confidence ... and includes advice given by the psychotherapist in the course of that relationship."

It is well-settled that the disclosure of the identity of the patient violates the physician-patient privilege where such disclosure reveals the patient's ailment. (*Blue Cross v. Superior Court* (1976) 61 Cal.App.3d 798, 800 [132 Cal.Rptr. 635] (hg. den. Nov. 4, 1976) (patients treated for psoriasis); *Marcus v. Superior Court* (1971) 18 Cal.App.3d 22, 24 [95 Cal.Rptr. 545] (hg. den. Aug. 4, 1971) (patients given angiogram);

*Costa* v. *Regents of Univ. of California* (1953) 116 Cal.App.2d 445, 463 [254 P.2d 85] (patients receiving certain cancer treatment); see also *Rudnick* v. *Superior Court* (1974) 11 Cal.3d 924, 933-934, fn. 13 [114 Cal.Rptr. 603, 523 P.2d 643].)

The instant case presents an analogous situation, for disclosure of the identity of a psychotherapist's patient name inevitably reveals the confidential information, namely, that the patient suffers from mental or emotional problems.

In *In re Lifschutz, supra,* 2 Cal.3d 415, 430, our Supreme Court implied that the identity of a person seeking psychotherapy is privileged when it stated: "Since Housek, the holder of the [psychotherapist-patient] privilege ... disclosed at a prior deposition that he had consulted Dr. Lifschutz for psychiatric treatment, he has *waived whatever privilege he might have had to keep such information confidential.*" (Italics added.) In support of this statement, the court cited *Matter of Kaplan* (1960) 8 N.Y.2d 214 [203 N.Y.S.2d 836, 168 N.E.2d 660], a case which held that the identity of a client was protected by the attorney-client privilege.

In the recent case of *City of Alhambra* v. *Superior Court* (1980) 110 Cal.App.3d 513, 518-519 [168 Cal.Rptr. 49], an on duty policeman, who was sued for alleged acts of violence, was asked by way of interrogatories whether he had "'ever received psychiatric treatment in any mental institution, hospital, or from any psychiatrist, practitioner or other person'" and, if so, the name and address of such persons or institutions. Finding the facts to be analogous to those of *Marcus* v. *Superior Court, supra,* 18 Cal.App.3d 22, the court concluded: "If Shepherd [the policeman] were compelled to divulge the fact of psychiatric treatment, he would simultaneously divulge more about the nature of the condition for which he sought treatment—to wit an emotional or mental problem—than Evidence Code section 1014 requires him to disclose." (*City of Alhambra* v. *Superior Court, supra,* at p. 519.)

We find the reasoning of the *City of Alhambra* case persuasive and therefore hold that the identity of petitioner's clients is protected under the psychotherapist-client privilege. When a patient seeks out the counsel of a psychotherapist, he wants privacy and sanctuary from the world and its pressures. The patient desires in this place of safety an opportunity to be as open and candid as possible to enable the psychotherapist the maximum opportunity to help him with his problems. The patient's

purpose would be inhibited and frustrated if his psychotherapist could be compelled to give up his identity without his consent. Public knowledge of treatment by a psychotherapist reveals the existence and, in a general sense, the nature of the malady.

Real party in interest's reliance upon a line of cases which has held that the identity of an attorney's client is generally not protected by the attorney-client privilege (*United States* v. *Hodge and Zweig* (9th Cir. 1977) 548 F.2d 1347, 1353; *Willis* v. *Superior Court* (1980) 112 Cal. App.3d 277, 291 [169 Cal.Rptr. 301]; *In re Marriage of Lopez* (1974) 38 Cal.App.3d 93, 111 [113 Cal.Rptr. 58]) is misplaced. Since the disclosure of the identity of the client in the attorney-client setting usually says nothing regarding the reason for legal counsel or the content of the communication with the attorney, the cases cited are distinguishable.

We are aware that our holding withholds from real party in interest the most direct means of ascertaining the exact income of petitioner. However, we have by no means barred all proof on this issue. For example, real party in interest may examine petitioner's receptionist or professional associates regarding the number of patients he ordinarily counsels and his customary fees and gross receipts. She might also attempt to show any inconsistencies between petitioner's representations regarding his income and past living expenses. However, because the Legislature has determined that the interest in protecting confidential communications between the psychotherapist and his patient outweighs the interest in the ascertainment of facts, she may not discover the names, addresses and telephone numbers she seeks.

Let a peremptory writ of prohibition issue restraining the enforcement of the discovery order of September 24, 1980, which requires the disclosure of the names, addresses and telephone numbers of petitioner's patients and former patients.

Taylor, P. J., and Rouse, J., concurred.

The petition of real party in interest for a hearing by the Supreme Court was denied June 10, 1981.