[L.A. No. 30254. In Bank. July 5, 1974.]

JACQUELINE RUDNICK, Petitioner, v.
THE SUPERIOR COURT OF KERN COUNTY, Respondent;
ATLAS CHEMICAL INDUSTRIES, INC., et al., Real Parties in Interest.

### COUNSEL

Wagy, Bunker, Hislop & Lewis, Bruce F. Bunker and Le Roy W. Wirz for Petitioner.

No appearance for Respondent.

King, Eyherabide, Anspach. Newell & Friedman, Robert E. King and Stephen Eyherabide for Real Parties in Interest.

## OPINION

**SULLIVAN, J.**—Petitioner Jacqueline Rudnick seeks a writ of mandate to compel respondent superior court to vacate an order made during the course of discovery proceedings insofar as such order denied her motion for the production of certain adverse drug reaction reports and to enter an order for the production of said reports in full.

Petitioner (hereafter plaintiff) commenced against real parties in interest Atlas Chemical Industries, Inc. and The Stuart Company (hereafter defendants) the underlying action for damages for personal injuries. The complaint in essence alleges that defendants manufactured, produced and marketed a product commonly known as Dialose Plus, designed for use in the control of constipation; that such product was defective and unsafe for its intended use in that it contained a substance known as oxyphenisatin acetate which when ingested by human beings can result in jaundice, chronic viral hepatitis, and cirrhosis of the liver; that plaintiff, upon the recommendation and advice of her physician purchased quantities of Dialose Plus from defendants and used the same in accordance with the directions supplied by defendants; and that as a proximate result of using such product plaintiff sustained serious and permanent injuries.

Plaintiff noticed a deposition of the custodian of records of defendants and in conjunction therewith notified defendants to produce all records pertaining to any complaints or reports of adverse effects on persons injesting Dialose Plus at such times as that product contained oxyphenisatin acetate. At the deposition defendants refused to produce their records containing adverse reaction reports on the ground that such reports constituted confidential communications by various physicians and that their production would be violative of the physician-patient privilege.[1] Defend-

---

[1] At page 5 of said deposition, Mr. King, custodian of records for defendants, testified: "With respect to Item No. 4 called for in the Notice of Taking Depositions, it is the position of the Defendant that the records therein referred to constitute confidential communications which were delivered to the Defendant by various physicians who were treating individual patients and were delivered to the Defendant on the assumption that they would remain confidential as between the parties. We, there-

ants asserted that they had already supplied all the information necessary for the lawsuit from the reports in their supplemental answers to interrogatories, which abstracted the following information from the 50 relevant reports: the age and sex of the patient, the nature of the adverse reaction (e.g., jaundice) and the month and year of the report.

Plaintiff then moved pursuant to Code of Civil Procedure section 2031 to compel production of the reports on the grounds that they were relevant and not privileged and that there was good cause for their production. Respondent court granted the motion only as to the names and addresses of the doctors and in all other respects denied it.[2] Plaintiff then filed the instant petition for a writ of mandate in the Court of Appeal which summarily denied it. We granted a hearing and issued an alternative writ of mandate.

▮ The writ of mandate is a proper remedy for reviewing discovery procedures. (*Carlson* v. *Superior Court* (1961) 56 Cal.2d 431, 435-436 [15 Cal.Rptr. 132, 364 P.2d 308]; *Flora Crane Service, Inc.* v. *Superior Court* (1965) 234 Cal.App.2d 767, 775-776 [45 Cal.Rptr. 79].) ▮ We were impelled to issue the alternative writ in this case because we are presented with a question of first impression which is of general importance to the trial courts and to the profession, and in conjunction with which general guidelines can be laid down for future cases. (*Associated Brewers Distr. Co.* v. *Superior Court* (1967) 65 Cal.2d 583, 585 [55 Cal.Rptr. 772, 422 P.2d 332]; *Oceanside Union School Dist.* v. *Superior Court* (1962) 58 Cal.2d 180, 185, fn. 4 [23 Cal.Rptr. 375, 373 P.2d 439]; see *Roberts* v. *Superior Court* (1973) 9 Cal.3d 330, 335-336 [107 Cal.Rptr. 309, 508 P.2d 309]; *Pacific Tel. & Tel. Co.* v. *Superior Court* (1970) 2 Cal.3d 161, 170, fn. 11 [84 Cal.Rptr. 718, 465 P.2d 854].) The novel question confronting us is whether a third party recipient of confidential information from a physician may assert the physician-patient privilege.

---

fore, take the position that the production of these records would be in violation of that confidential relationship; it would be violative of the doctor-patient privilege which we have no right to waive; and we further feel that we have supplied the information previously to the Plaintiffs which would give them the information necessary for this lawsuit by virtue of supplemental answers to interrogatories bearing date of July 19, 1972."

[2]"MOTION OF PLAINTIFF FOR PRODUCTION OF DOCUMENTS HERETOFORE SUBMITTED TO THE COURT FOR CONSIDERATION AND DECISION October 23, 1973:

"DISPOSITION: Motion granted only as to names and addresses of doctors who prepared reports. Those individuals or their patients may then assert the patient, doctor's privilege if they so desire. The Court feels that this ruling is in accord with Henard vs. Superior Court 26 CA3 129."

Plaintiff urges that in the instant case the question must be answered in the negative and the adverse drug reaction report must be held discoverable. Defendants urge that the answer must be in the affirmative and the reports held privileged from disclosure under the physician-patient privilege.[3]

■  We start with the basic principle that there can be no discovery of matter which is privileged. (*Greyhound Corp.* v. *Superior Court* (1961) 56 Cal.2d 355, 395 [15 Cal.Rptr. 90, 364 P.2d 266]; Code Civ. Proc., §§ 2016, subd. (b), 2031).[4] Evidence Code section 994[5] limits the right to claim the physician-patient privilege to: (1) the holder of the privilege; (2) a person authorized to claim the privilege by the holder of the privilege or (3) the physician who received the confidential communication. Defendants being neither the patient (the "holder of the privilege" pursuant to section 993)[6] nor the physician, can claim the privilege only on the basis that they are persons authorized to do so by the patient. There is nothing in the record before us to indicate, nor do defendants urge, that they were expressly authorized to claim the privilege by the various patients mentioned in the 50 reports. Thus, the question narrows to whether defendants were impliedly so authorized as a matter of law by the respective patients.

---

[3]Defendants have not sought review of that portion of the trial court's order which granted plaintiffs discovery of the names and addresses of the physicians who transmitted adverse drug reaction reports to defendants.

[4]Section 2016, subdivision (b) provides in relevant part: "[T]he deponent may be examined regarding any matter, not privileged . . . . All matters which are privileged against disclosure upon the trial under the law of this state are privileged against disclosure through any discovery procedure. . . ."

Section 2031 provides in relevant part: "[T]he court . . . may (1) order any party to produce and permit the inspection and copying or photographing . . . of any designated documents . . . not privileged . . . ."

[5]Section 994 provides: "Subject to Section 912 and except as otherwise provided in this article, the patient whether or not a party, has a privilege to refuse to disclose, and to prevent another from disclosing, a confidential communication between patient and physician if the privilege is claimed by: [¶] (a) The holder of the privilege; [¶] (b) A person who is authorized to claim the privilege by the holder of the privilege; or [¶] (c) The person who was the physician at the time of the confidential communication, but such person may not claim the privilege if there is no holder of the privilege in existence or if he is otherwise instructed by a person authorized to permit disclosure."

Hereafter, unless otherwise indicated, all section references are to the Evidence Code.

[6]Section 993 provides: "As used in this article, 'holder of the privilege' means: [¶] (a) The patient when he has no guardian or conservator. [¶] (b) A guardian or conservator of the patient when the patient has a guardian or conservator. [¶] (c) The personal representative of the patient if the patient is dead."

It is apparently agreed by both plaintiff and defendants,[7] that the contents of the adverse drug reaction reports are "confidential communications between patient and physician" as defined in section 992[8] since this information was originally communicated in confidence by the patient to the physician during, and arose out of, a physician-patient relationship as defined in sections 990 and 991. ■ It would appear that the existence of a "confidential communication between patient and physician" as defined by section 992 (see fn. 8, *ante*) is determined at the time the information is communicated to or ascertained by the physician. If the information is communicated in confidence in the course of a physician-patient relationship "by a means which, so far as the patient is aware, discloses the information to no third persons," except those reasonably necessary to further the transmission of the information or to further the accomplishment of the purpose for which the physician is consulted, then that communication becomes a confidential communication at that moment. Such a communication therefore remains a confidential communication subject to privilege unless the privilege is waived by the patient as provided in section 912. Accordingly, it appears that the contents of the adverse drug reaction reports constituted a confidential communication when originally communicated to the physician and thus fell within the protection of the physician-patient privilege. As a result we are concerned solely with the effect of the disclosure of this privileged material by the respective physicians to defendants.

The "disclosure in confidence [by the physician] of a communication that is protected by [the] (physician-patient privilege) . . . when such disclosure is reasonably necessary for the accomplishment of the purpose for which the . . . physician . . . was consulted, is not a waiver of the privilege." (§ 912, subd. (d).) ■ Thus, for example, if the physician reported to defendants the adverse effects of the drug on his patient so as to obtain assistance in the use of the drug in treating the patient,

---

[7]Plaintiff occasionally makes statements indicating some doubt or question as to whether the reports contained a confidential communication. However, the case at bench is presented to us on the apparent assumption that the report contains at least some information which could possibly be protected by the physician-patient privilege.

[8]Section 992 provides: "As used in this article, 'confidential communication between patient and physician' means information, including information obtained by an examination of the patient, transmitted between a patient and his physician in the course of that relationship and in confidence by a means which, so far as the patient is aware, discloses the information to no third persons other than those who are present to further the interest of the patient in the consultation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the physician is consulted, and includes a diagnosis made and the advice given by the physician in the course of that relationship."

such disclosure even if consented to by the patient would not constitute a waiver of the privilege. The official comment to subdivision (d) of section 912 by the Senate Committee on Judiciary, reproduced in full in the margin,[9] makes it clear that "[c]ommunications such as these, when made in confidence, should not operate to destroy the privilege even when they are made with the consent of the client or patient. . . . [T]he privilege holder has not evidenced any abandonment of secrecy. Hence, he should be entitled to maintain the confidential nature of his communications to his . . . physician despite the necessary further disclosure." The comment then goes on to note that this may change California law as embodied in *Green* v. *Superior Court* (1963) 220 Cal.App.2d 121 [33 Cal. Rptr. 604].

In *Green,* a party to the action sought to compel by subpoena duces tecum the production at trial of, and testimony concerning, the prescription records of pharmacists. The latter refused to testify claiming under former section 1881, subdivision 4 of the Code of Civil Procedure, that the information sought as to drugs dispensed by a pharmacist on prescription by a physician was as much a part of the physician-patient privilege as the testimony of the physician himself. It was urged that the privilege should be so extended as to be claimed by the pharmacist since in some instances knowledge of the drug dispensed would reveal information which had been confidentially communicated by the patient to the doctor. The court held that the pharmacist could not assert the privilege because the statute did not expressly include pharmacists as persons entitled to claim the privilege.

---

[9]Comment to subdivision (d) of section 912 provides: "Subdivision (d) is designed to maintain the confidentiality of communications in certain situations where the communications are disclosed to others in the course of accomplishing the purpose for which the lawyer, physician, or psychotherapist was consulted. For example, where a confidential communication from a client is related by his attorney to a physician, appraiser, or other expert in order to obtain that person's assistance so that the attorney will better be able to advise his client, the disclosure is not a waiver of the privilege, even though the disclosure is made with the client's knowledge and consent. Nor would a physician's or psychotherapist's keeping of confidential records necessary to diagnose or treat a patient, such as confidential hospital records, be a waiver of the privilege, even though other authorized persons have access to the records. Similarly, the patient's presentation of a physician's prescription to a registered pharmacist would not constitute a waiver of the physician-patient privilege because such disclosure is reasonably necessary for the accomplishment of the purpose for which the physician is consulted. See also Evidence Code § 992. Communications such as these, when made in confidence, should not operate to destroy the privilege even when they are made with the consent of the client or patient. Here, again, the privilege holder has not evidenced any abandonment of secrecy. Hence, he should be entitled to maintain the confidential nature of his communications to his attorney or physician despite the necessary further disclosure. . . ."

Former Code of Civil Procedure section 1881, subdivision 4, was superseded upon enactment of the Evidence Code (in effect Jan. 1, 1967) by sections 990-1007 dealing with the physician-patient privilege. It is noteworthy that the comment of the Senate Committee on Judiciary to section 912, subdivision (d) specifically states that "the patient's presentation of a physician's prescription to a registered pharmacist would not constitute a waiver of the physician-patient privilege because such disclosure is reasonably necessary for the accomplishment of the purpose for which the physician is consulted." The clear implication of the foregoing is that under section 912, subdivision (d), "when such disclosure is reasonably necessary for the accomplishment of the purpose" for which the physician has been consulted, a disclosure in confidence by the physician to a third person is not a waiver of the privilege and that such third person may now claim the privilege on behalf of the patient. In view of the statutes now in effect, the holding in *Green* no longer has vitality.

■ We therefore hold that a disclosure in confidence by a physician, with or without the consent of the patient, of communications protected by the physician-patient privilege to a third person to whom disclosure is reasonably necessary for the accomplishment of the purpose for which the physician is consulted confers upon the third person the right to claim the physician-patient privilege on behalf of the patient. In other words, that third person thereby becomes "[a] person who is authorized to claim the privilege by the holder of the privilege" within the meaning of section 994.

However, if disclosure of the communications is not reasonably necessary to accomplish such purpose, two different situations ensue. First, if the patient expressly or impliedly consents to such disclosure, he thereby waives the privilege and the communications are subject to discovery. (§ 912, subd. (a).) If the patient does not consent by word or deed to such disclosure, then conversely he has not waived the privilege. Thus if the patient is a party to the court proceeding he may claim the privilege to prevent disclosure in court[10] by such third person of the confidential communications between patient and physician disclosed by the physician without the patient's consent.[11] If the patient is not a party to the court

---

[10]It is perhaps pertinent to remember the obvious, namely that the physician-patient privilege is a rule of evidence concerning the admissibility of evidence in court and is not a substantive rule regulating the conduct of physicians. (See Bus. & Prof. Code, § 2397.)

[11]An unconsented-to disclosure of a confidential communication between physician and patient is not a waiver of the privilege and in no way removes the information from the class of confidential communication. (See §§ 912, 992.) The Uniform Rules of Evidence, Rule 27, which formed the basis for the present Evidence Code (see 6

proceedings, the appropriate court, in its discretion and on its own motion, may protect an absentee holder of the privilege who has not waived it.[12]

However, the third party to whom the confidential communication is disclosed may not claim the privilege. Where the disclosure to the third party is not reasonably necessary to accomplish the purpose for which the physician was consulted, there is nothing in the Evidence Code, its history or interpretation, or in reason, to warrant the conclusion that such unconsented-to disclosure to a third person makes the latter "a person who is authorized to claim the privilege by the holder of the privilege" within the meaning of section 994. Therefore, the decision to deny admission of confidential information so disclosed in order to protect the absentee holder of the privilege lies within the discretion of the court.

■ To summarize, defendants may claim the physician-patient privilege on behalf of a patient to bar discovery of the adverse drug reaction report submitted by his physician if the submission of such report was in confidence and was reasonably necessary in order to accomplish the purpose for which the physician was consulted. If, however, such report was not made in confidence or was not reasonably necessary to accomplish the purpose for which the physician was consulted, then defendants cannot claim the privilege on behalf of the patient. The trial court on its own motion or on defendants' motion may, in its discretion, protect the physician-patient privilege of an absent patient who has not waived the privilege.[13]

---

Cal. Law Revision Com. Rep. (1964) Privileges Study-Rule 27 pp. 402-416, Tentative Privileges Recommendation—Rule 27, pp. 229-237) specified that a patient could prevent disclosure in court by third persons of confidential communications disclosed to them by physicians who breached their duty of nondisclosure. Section 994, with its intentionally more inclusive language (e.g., includes eavesdroppers, see 6 Cal. Law Revision Com. Rep., *supra,* p. 233) preserves the right for a patient to claim the privilege in these circumstances.

[12]"[I]t is believed that under both California practice and the Uniform Rules the judge either on his own motion or on motion of a party may protect the physician-patient privilege of an absentee holder of the privilege who has not waived it." (6 Cal. Law Revision Com. Rep., *supra,* at p. 408.)

[13]Because the record indicates sporadic and unclear concern by the parties as to the discoverability of patients' names in the context of the physician-patient privilege, we note the following for the guidance of the trial court should it determine to exercise its discretion to protect an absentee holder of the privilege. "The whole purpose of the privilege is to preclude the humiliation of the patient that might follow disclosure of his ailments." (*City & County of S. F.* v. *Superior Court* (1951) 37 Cal.2d 227, 232 [231 P.2d 26, 25 A.L.R.2d 1418].) Therefore if the disclosure of the patient's name reveals nothing of any communication concerning the patient's ailments, disclosure of the patient's name does not violate the privilege. (*Ascherman* v. *Superior Court* (1967) 254 Cal.App.2d 506 [62 Cal.Rptr. 547]. If, however, dis-

Accordingly upon reconsideration pursuant to the writ ordered herein of plaintiff's motion to compel production of the adverse drug reaction reports, respondent court should determine whether defendants are authorized to claim that the reports are protected from disclosure by the physician-patient privilege. In making this determination, the court should consider (a) whether the information contained in each report constituted a confidential communication between patient and physician, (b) whether such information was disclosed in confidence to defendants by the respective physician and (c) whether such disclosure was reasonably necessary for the accomplishment of the purpose for which the physician was consulted.

. If the court determines that the reports are protected from disclosure by the physician-patient privilege and that defendants are authorized so to claim, it should further determine whether or not the patient has waived such privilege in the manner prescribed by section 912 of the Evidence Code. In the event the court determines there was no waiver and that defendants are not authorized to claim the privilege, the court may in its discretion protect the physician-patient privilege of an absent patient.

If respondent court determines that such reports are not protected by said privilege, properly claimed, or that, although privileged, such privilege has been duly waived, then said court should proceed to determine in the exercise of its discretion and according to established rules of discovery whether and to what extent, if any, plaintiff's motion should be granted. However, nothing herein contained is, nor should it be deemed to be, a restriction upon or limitation of said court's discretion as to said rules of discovery.

Let a peremptory writ of mandate issue requiring respondent court to vacate its order denying plaintiff's motion for production of the adverse drug reaction reports and to reconsider the motion in accordance with the views expressed herein.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Burke, J., and Clark, J., concurred.

---

closure of the patient's name inevitably in the context of such disclosure reveals the confidential information, namely the ailments, then such disclosure violates the privilege. (*Marcus* v. *Superior Court* (1971) 18 Cal.App.3d 22 [95 Cal.Rptr. 545]; *Costa* v. *Regents of Univ. of California* (1953) 116 Cal.App.2d 445, 463 [254 P.2d 85].) Conversely if the disclosure reveals the ailments but not the patient's identity, then such disclosure would appear not to violate the privilege.