[Civ. No. 15763. Third Dist. Sept. 10, 1976.]

BLUE CROSS OF NORTHERN CALIFORNIA, Petitioner, v.
THE SUPERIOR COURT OF YOLO COUNTY et al., Respondents;
CAROLYN BLAIR, Real Party in Interest.

## COUNSEL

White, Giambroni & Walters, J. Michael Amis and Donald M. Magiasz for Petitioner.

No appearance for Respondents.

Noonan & Longaker and Theodore N. Terlecky for Real Party in Interest.

## OPINION

**FRIEDMAN, Acting P. J.**—In *Rudnick* v. *Superior Court,* 11 Cal.3d 924 [114 Cal.Rptr. 603, 523 P.2d 643], the Supreme Court delineated the boundaries of the physician-patient privilege in its application to medical histories in the files of a drug manufacturer. Here we confront the privilege in relation to patients' identities and ailments recorded in the claim files of a prepaid health care plan.

Carolyn Blair, the real party in interest, was enrolled in a prepaid health care plan operated by Blue Cross of Northern California, a nonprofit corporation. She brought suit against Blue Cross, charging it with wrongful refusal to pay medical expenses she had incurred for psoriasis treatment. As a means of pretrial discovery, she propounded interrogatories, one of which sought the names, addresses and telephone

numbers of other Blue Cross subscribers who had filed claims for psoriasis treatment. Blue Cross objected to the interrogatory, claiming overbreadth and privilege. The trial court sustained the first ground of objection and narrowed the inquiry of two branch offices of Blue Cross. It overruled the assertion of privilege and rejected a protective order which Blue Cross had proposed in order to preserve the anonymity of its psoriasis claimants.[1] Blue Cross then filed a petition for mandamus or prohibition in this court. We issued an order to show cause because the confidentiality issue, as it affects the claims records of prepaid health plans, is one of general interest and first impression. (*Valley Bank of Nevada* v. *Superior Court,* 15 Cal.3d 652, 655 [125 Cal.Rptr. 553, 542 P.2d 977].)

Privileged information is exempt from disclosure. (Code Civ. Proc., §§ 2016, subd. (b), 2030, subd. (c).) The physician-patient privilege embraces more than verbal communication; it extends to information obtained by an examination of the patient and includes the physician's diagnosis and advice. (Evid. Code, §§ 994, 992.) The answer sought by Ms. Blair's interrogatory is within the general range of the privilege, for it would simultaneously reveal patients' identities and their ailments. (*Rudnick* v. *Superior Court, supra,* 11 Cal.3d at pp. 933-934, fn. 13.) The issue is whether disclosure of the information to a third party—here the operator of the prepaid health plan—caused loss of confidentiality or waiver of the privilege.

The key statute is Evidence Code section 992. It declares that confidentiality is lost by disclosure to a third person but retained if the third person is one "to whom disclosure is reasonably necessary for . . . the accomplishment of the purpose for which the physician is consulted. . . ." That provision is parallelled by section 912, subdivision (d), which provides, in effect, that no waiver of the privilege occurs if the disclosure is "reasonably necessary for the accomplishment of the [medical consultation's] purpose. . . ."

Three legal conclusions pivot upon this statutory rule of reasonable necessity. If the disclosure was reasonably necessary for accomplishment of the medical consultation's purpose, confidentiality is retained (Evid. Code, § 992), no waiver occurs (§ 912, subd. (d)), and the third person—here the health plan operator—has implied authority to assert

---

[1]Counsel for Ms. Blair have expressed no interest in a discovery order which does not divulge the identity of psoriasis claimants. Thus we do not consider the propriety of such an order.

the privilege on behalf of the absent patient. (*Rudnick* v. *Superior Court, supra,* 11 Cal.3d at p. 932.)

Sections 992 and 912, subdivision (d) refer in abstract fashion to the "purpose" of medical consultation. To translate this abstraction into concrete terms, diagnosis or treatment or both form the objective of most medical consultations. Thus *Rudnick* (11 Cal.3d at pp. 930-931) draws the indisputable inference that disclosure to third persons falls within the rule of reasonably necessary purpose when it aims to promote the patient's treatment.

Here the question of reasonable necessity is posed when the disclosure occurs for the purpose of paying the doctor's fee. To ask the question is to answer it. Transmittal of a claim form to a prepaid health carrier necessarily denotes a paid relationship between physician and patient, an exchange of medical care for a fee. The carrier's participation transforms the dual medico-economic relation between physician and patient into a tripartite relationship. Anticipated payment is a prerequisite of medical care in all cases involving financial recourse to a prepaid health plan. Coverage determinations ineluctably call for disclosure of the patient's name and ailment. The information's disclosure to accomplish payment is reasonably necessary to achieve the consultation's diagnostic and treatment purposes.[2]

In *Rudnick, supra,* the court confronted an equivocal sort of disclosure, i.e., revelation of patients' names to the drug manufacturer whose product had been used in their treatment. That sort of revelation may or may not fall within the rule of reasonable necessity. Hence the *Rudnick* court remanded the proceeding to the trial court and directed it to make a factual inquiry into the revelation's reasonable necessity in the patient's medical treatment. (11 Cal.3d at p. 934.)

This case, in contrast, evokes no need for factual inquiry. All parties agree that the patients' names and ailments were disclosed to Blue Cross for the purpose of paying the doctor's fees. Disclosure, then, was "reasonably necessary for . . . the accomplishment of the purpose for which the physician [was] consulted"; confidentiality was not lost and the

---

[2]A commentator suggests that all but the most affluent must carry some form of health insurance; that the health insurer's inability to claim the patient's privilege of confidentaility would endow the less-wealthy, insured patient with less privacy than the wealthy, uninsured patient. (27 Hastings L.J. 99, 126-127.) Egalitarian sentiment may do when logic sags. Here logic seems to hold up.

privilege not waived. (Evid. Code, §§ 992, 912, subd. (d).) The trial court exceeded its authority when it ordered response to the interrogatory.

Let a peremptory writ of mandate issue directing the trial court to vacate its discovery order.

Regan, J., and Paras, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied November 4, 1976.