Richard A. FARNSWORTH, Administrator of the Estate of Merilyn E. Farnsworth, Plaintiff,

v.

The PROCTER & GAMBLE CO., et al., Defendants.

Perry Lane RUCKMAN, Plaintiff,

v.

The PROCTER & GAMBLE CO., et al., Defendants.

Debra Ann BAILEY and Ronnie Lee Bailey, Plaintiffs,

v.

The PROCTER & GAMBLE MFG. CO., et al., Defendants.

Monica FABIO and Richard Fabio, Husband & Wife, Plaintiffs,

v.

The PROCTER & GAMBLE DISTRIBUTING CO., et al., Defendants.

Joan T. RUSSELL, Plaintiff,

v.

The PROCTER & GAMBLE COMPANY, et al.

Michael E. MALLO, Plaintiff,

v.

The PROCTER & GAMBLE COMPANY, et al., Defendants,

Saundra Michelle HURT, a minor, by her next friend Thomas HURT, and Thomas and Lynda Hurt, Individually, Plaintiffs,

v.

The PROCTER & GAMBLE COMPANY, et al., Defendants.

Civ. A. No. C83–2085A.

United States District Court, N.D. Georgia, Atlanta Division.

March 30, 1984.

Nina L. Hunt, Asst. U.S. Atty., Gene W. Matthews, Center for Disease Control Branch, Atlanta, Ga., for plaintiffs.

Dan B. Wingate, Long, Weinberg, Ansley & Wheeler, Atlanta, Ga., Kirk Warner, Dinsmore, Shohl, Coates & Dupree, Cincinnati, Ohio, Larry C. Kenna, Choate, Hall & Stewart, Boston, Mass., Ralph A. Cohen, Ice, Miller, Donadio & Ryan, Indianapolis, Ind., for defendants.

ORDER

RICHARD C. FREEMAN, District Judge.

Plaintiffs filed these product liability actions seeking recovery for injuries suffered from the disease toxic shock syndrome

(TSS). Plaintiffs allege that TSS was contracted as a result of the use of "Rely" tampons which are manufactured by the defendant, The Procter & Gamble Company (Procter & Gamble). Plaintiffs intend to offer certain research reports of the Centers for Disease Control (CDC) into evidence and to call as expert witnesses former employees of the CDC's Epidemic Intelligence Service, which studied TSS. Procter & Gamble served a subpoena upon the CDC seeking to discover the names and addresses of women who participated in the CDC's research on TSS and of their doctors. The CDC, as a non-party resident of this district, has filed a motion for a protective order which is now before this court. *See* Rule 26(c), Fed.R.Civ.P. Procter & Gamble opposes the motion.

The CDC conducted an investigation into TSS in 1980 and 1981. The investigation was directed at attempting to discover the cause of the disease in order to provide information to assist in the diagnosis, treatment, and prevention of this dangerous, newly identified disease. Information obtained during this investigation was also used by the Food and Drug Administration in developing regulations requiring warning labels for tampons. In the course of this research investigation, the CDC obtained information from individuals, hospitals, physicians, and public health departments. This information included medical histories, laboratory results, answers to questionnaires, and reports from state health officials.

In response to earlier discovery requests from Procter & Gamble, the CDC turned over approximately 34,000 documents relating to its TSS research. The only information withheld by the CDC was personal information, such as names and addresses, which would identify the individuals providing the information. Although the documents released to Procter & Gamble had the personal identifiers removed, where possible, a case number was assigned to each case to permit Procter & Gamble to carry out its own statistical analysis on the data. The CDC has indicated its willingness to update the information provided to Procter & Gamble as long as the personal information continues to be shielded.

In support of its motion for a protective order the CDC argues that its public health mission to investigate and accumulate data on many diseases will be frustrated if this personal information about the TSS research participants is released to Procter & Gamble. Much of the information obtained during the TSS investigation is of a highly personal, confidential nature. The individuals answered questions about their medical history, sexual practices, contraceptive methods, pregnancy histories, menstrual activity, tampon usage, and douching habits. Minors admitted to being sexually active. All of this information was provided to the CDC on a voluntary basis. The CDC asserts that public confidence that this kind of information will remain confidential must be maintained so that people will continue to be frank and open in their communications with the CDC. The CDC argues that an unwillingness by the public to cooperate with the CDC because of fear of disclosure or an evasiveness or dishonesty resulting from that fear would produce either an inability to research a particular area or a lack of confidence in the results of that research.

In an attempt to provide Procter & Gamble some of the information it seeks while maintaining the privacy of the TSS research participants, the CDC contacted the approximately 300 women involved in the studies and asked them whether they wished to have their names and addresses released to Procter & Gamble. The CDC agreed to release the personal identifiers of any women who consented to such action. As of the date of this motion, 27 women had agreed that their names and addresses could be released, 97 had not agreed, and 24 letters had been returned as undeliverable. Procter & Gamble has separately obtained the permission of at least 20 of the women to release their unredacted records, and the CDC has done so.

Procter & Gamble objects to the deletion of personal identifiers in the research

records, arguing that it needs this information to adequately test the validity to the CDC studies. The CDC's TSS research is based on information given to the agency by women who allegedly suffered from TSS, by the women's doctors, and by "controls" who did not have TSS. Procter & Gamble asserts that because the CDC conclusions rely upon several layers of hearsay information, without access to the research subjects' personal identifiers, Procter & Gamble cannot fully examine the extent to which alleged biases built into the research may have affected the CDC conclusions. Procter & Gamble seeks the personal identifiers to enable it to personally contact the subjects of the CDC investigations in an attempt to determine the extent to which the studies were properly conducted. Procter & Gamble contends that the information sought is relevant and discoverable; that the CDC does not have a legally recognized privilege in the information sought; and that even if a privilege exists, it is only a qualified privilege and Procter & Gamble's need for the information to further the resolution of the underlying actions outweighs the interest of the CDC in withholding such information.

■ The law begins with the presumption that the public is entitled to every person's evidence, *see Richards of Rockford, Inc. v. Pacific Gas & Electric Co.,* 71 F.R.D. 388, 389 (N.D.Cal.1976), and the general philosophy of the Federal Rules of Civil Procedure favors full disclosure of relevant information prior to trial. *See* Rule 26, Fed.R.Civ.P. However, Rule 26(c) permits a court, for good cause shown, to enter "any order which justice requires to protect a party or persons from annoyance, embarrassment, oppression, or undue burden or expense...."

■ In determining whether the CDC has met its burden under Rule 26(c) to show unreasonableness or oppression, the court must balance the hardship imposed on Procter & Gamble by denying it access to the information for its trial preparation and defense, against the hardship imposed on the CDC by permitting the discovery.

*See Andrews v. Eli Lilly & Co.,* 97 F.R.D. 494, 497 (N.D.Ill.1983), and cases cited therein. In the circumstances of this action, the court concludes that Procter & Gamble's need for the information is not compelling and is outweighed by the CDC's interest in maintaining the confidentiality of the TSS research participants. Although the research subjects in the TSS studies did not receive express promises of confidentiality, given the very personal, sensitive nature of the disclosures these women made to the CDC, the CDC asserts that it is appropriate and reasonable to protect these women, who may have no connection to these lawsuits, from inquiries and possible subpoenas from outsiders such as Procter & Gamble. Courts have recognized the validity of the CDC's argument that confidentiality is often essential to the ability of researchers to obtain data. *See e.g., Andrews,* 97 F.R.D. at 499.

In the instant case it is not necessary for the court to reach the question of whether a privilege exists in this information because the existence of a privilege does not determine whether a protective order should issue under Rule 26(c). The standard is whether the movant has shown good cause for such an order. The court agrees with the CDC that the TSS research participants should be protected from the potential embarrassment and annoyance that could result if their names and addresses were disclosed to Procter & Gamble. The possible future harm to the CDC's public health mission if this information were released and the "compelling social interest in promoting such research," *Andrews,* 97 F.R.D. at 500, citing *Dow Chemical Co. v. Allen,* 672 F.2d 1262, 1274–77 (7th Cir.1982), outweighs the need of a private litigant such as Procter & Gamble for this information. Procter & Gamble already has access to all the substantive data from the CDC research, and from the affidavits in the record it appears that the statistical validity of the research can be examined without personally contacting the research subjects. Procter & Gamble's argument that it needs this infor-

mation to examine the CDC's research methodology in an attempt to demonstrate that the CDC research results are flawed, is undercut by the increasing amount of research, including some funded by Procter & Gamble, that supports the CDC's finding of some relationship between TSS and tampon usage. *See* CDC's supplement to its motion for a protective order, filed February 29, 1984, and exhibits. Balancing the need of the CDC researchers to protect the identity of the TSS research participants against Procter & Gamble's need for access to these individuals for trial preparation and defense, the court finds that the interests of the CDC prevail.

Accordingly, the CDC's motion for a protective order is GRANTED. It is ORDERED that all personal identifying information about the research participants in the CDC's TSS studies be deleted from all documents to be produced in response to Procter & Gamble's discovery requests and subpoenas. There are no other pending matters with respect to these actions in this court, and therefore this order is a final judgment. The clerk is DIRECTED to enter judgment in favor of the CDC and against the defendants.