Hyland HARRIS, Administrator of the Estate of Susan Harris, Deceased, Plaintiff,

v.

The UPJOHN COMPANY, Defendant.

Civ. No. 86–3027.

United States District Court, S.D. Illinois.

March 6, 1987.

**192**

Michael Reagan, Belleville, Ill., for plaintiff.

H.W. Watkins, Clayton, Mo., for defendant.

## MEMORANDUM AND ORDER

STIEHL, District Judge:

Before the Court is defendant's Motion to Reconsider a Memorandum and Order of Chief Judge Foreman entered August 7, 1986.

The motion originally before the Court concerned the discovery of the names of patients and physicians in files maintained by Upjohn. Under Federal Rule of Evidence 501, Illinois law applies to the question of the release of the patients' names, because the Illinois legislature has recognized the physician-patient privilege. Ill. Rev.Stats. ch. 110 § 8–802 (1985).

The Court finds that while Illinois has no case law on point with the motion originally before Chief Judge Foreman, at least one Illinois court has looked beyond this state for guidance. See *People v. Florendo*, 95 Ill.2d 155, 69 Ill.Dec. 65, 68, 447 N.E.2d 282, 285 (1983), *citing Rudnick v. Superior Court*, 11 Cal.3d 924, 114 Cal.Rptr. 603, 523 P.2d 643 (en banc 1974). The Illinois Supreme Court acknowledged the reasoning in *Rudnick*, yet distinguished it because *People v. Florendo* was a criminal case and *Rudnick* was a civil matter. This Court, in the matter before it, finds *Rudnick* persuasive.

The facts of *Rudnick* and the cause of action before the Court are practically identical. The *Rudnick* decision stated a court could in its discretion invoke the physician-patient privilege when the holder of the privilege is not a party to the court proceedings. (See *Rudnick*, n. 12). This Court likewise holds that the patients' names in the Adverse Reaction Reports and Drug Experience Reports shall remain redacted.

However, whether the physicians' names are protected is not addressed by Illinois statute, and, therefore, will be ruled on in accordance with federal discovery rules.

With regard to the names of the physicians communicating with Upjohn, *Rudnick* provides no guide. The Seventh Circuit has reviewed analogous situations, however, and found that the redacting of physicians' names is allowable. *Deitchman v. E.R. Squibb*, 740 F.2d 556, 565 (7th Cir.1984). There the court stated the trial judge must rule consistent with Rule 26(c), Fed.R.Civ.P., but will not be overturned unless there is a clear abuse of discretion. A careful review of this case persuades the Court that the release of the names of physicians who communicated to Upjohn would be against public policy. The potential of future disclosure of the names of treating physicians who communicate with researchers would deter some physicians who fear such disclosures would bring about inquiries from attorneys. Unfounded or not, this fear is a deterrent on efforts to conduct research in the medical and science community. This policy of non-disclosure has been expressed in federal regulation 21 C.F.R. § 20.112 (1986). This regulation states the Federal Drug Administration will not release voluntarily-submitted drug experience reports without the permission of the party submitting the report. The regulation is consistent with the policy that uncertainty as to the likelihood of disclosure of research data will deter future research. *See Dow Chemical Co. v. Allen*, 672 F.2d 1262 (7th Cir.1982); and *Farnsworth v. Procter & Gamble*, 101 F.R.D. 355 (N.D.Ga.1984). *See also* 21 C.F.R. § 314.80(h) (1986).

Defendant's Motion for Reconsideration is therefore GRANTED and the Memorandum and Order entered herein on August 7, 1986 is amended as follows:

The Adverse Reaction Reports and Drug Experience Reports ordered produced shall

be made available to counsel for plaintiff on or before March 27, 1987; provided, however, that defendant Upjohn may redact the names of patients and physicians mentioned in the Adverse Reaction Reports and Drug Experience Reports. Further, the Court directs defendant Upjohn to assign a numerical, letter or symbol code to each patient and physician so that plaintiff's counsel may track the various patients and physicians, and thereby determine whether reports were filed concerning the same patients and by the same physicians.

IT IS SO ORDERED.